IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**DERRICK RAY BACON,**

    **Plaintiff,**

v.                                                    CASE NO. 5:14-cv-37-RS-CJK

**FRANK MCKEITHEN, in his official
and individual capacities, and RYAN
ROBBINS and CHAD VIDRINE, in their
individual capacities,**

    **Defendants.**

_____/

## ORDER

Before me are the Plaintiff's Amended Rule 12(f) Motion to Strike Affirmative Defenses (Doc. 44) and Defendants Robbins and Vidrine's Response (Doc. 51).

In my August 28, 2014, Order (Doc. 33), I denied Defendants Robbins and Vidrine's motion to dismiss and determined that, taking the allegations in the Complaint as true, they were not entitled to qualified immunity. Robbins and Vidrine subsequently filed an Answer to the Complaint (Doc. 37) and raised ten affirmative defenses. Plaintiff now moves to strike nine of those defenses based on the rulings in my August 28, 2014, Order.

Plaintiff, in asking me to strike Defendants' affirmative defenses, demonstrates a fundamental misunderstanding of the rules of civil procedure. At the motion to dismiss stage, a court determines whether the complaint states a cause of action if all its allegations are taken as true. My August 28, 2014, Order (Doc. 33) determined that if all the allegations in the complaint were true, then Plaintiff would have stated a claim for relief and Defendants would not be entitled to qualified immunity.

However, now that Plaintiff has survived the motion to dismiss, his claims are no longer entitled to a presumption of truth. He bears the burden of proving his claims by a preponderance of the evidence—evidence which must be produced by both sides during discovery. The Defendant is entitled to raise all available defenses to Plaintiff's claims, which or may not be true. As the truth of the pleadings have not yet been determined, Defendant is not precluded from raising any defenses, even if those defenses would fail if the facts turn out to be exactly as they are alleged in the Complaint. It would therefore be wholly inappropriate to strike Defendant's affirmative defenses before any of the allegations in the complaint are proven or disproven by available evidence.

Additionally, it seems that this motion to strike was so patently improper that it is unclear whether the "legal contentions are warranted by existing law," Fed. R. Civ. P. 11(b)(2). Plaintiff's counsel is sternly warned that further conduct

that does not comport with the requirements of Rule 11(b) may be met with sanctions under Rule 11(c).

Plaintiff's Amended Rule 12(f) Motion to Strike Affirmative Defenses (Doc. 44) is **DENIED**.

**ORDERED** on October 27, 2014.

/S/ Richard Smoak

**RICHARD SMOAK
UNITED STATES DISTRICT JUDGE**